```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                     )<br>     v.                              )<br>                                     )     Criminal Action No. 10-274 (RWR)<br>ERIC HEMINGWAY,                      )<br>                                     )<br>     Defendant.                      )<br>_____)  |  |

## MEMORANDUM ORDER

The government moves for reconsideration of the order suppressing the physical evidence seized in this case. The court had found that the police began a warrantless search of the defendant's car in violation of the Fourth Amendment, and that the arrest of the defendant and seizure of the physical evidence were fruits of the illegal search. The government argues, as it did at the motions hearing, that probable cause to arrest the defendant for possession of an open container of alcohol ("POCA") did exist when the search began.

The Federal Rules of Criminal Procedure do not provide for motions to reconsider interlocutory orders in criminal cases. Some courts nevertheless have entertained such motions, United States v. McCallum, 885 F. Supp. 2d 105, 115 (D.D.C. 2012), and applied the "as justice requires" standard used in civil cases under Federal Rule of Civil Procedure 54(b) to assess motions to reconsider interlocutory orders, see, e.g., United States v. Sunia, 643 F. Supp. 2d 51, 60-61 (D.D.C. 2009). The government

-2-

does not address the standard to apply, and the defendant urges use of the "as justice requires" standard. Def.'s Opp'n at 4. "[W]here litigants have once battled for the court's decision, they should [not] be . . . permitted[ ] to battle for it again[,]" Arias v. DynCorp, 856 F. Supp. 2d 46, 52 (D.D.C. 2012) (internal quotation marks and citation omitted), and a court may deny a motion for reconsideration when it raises "'arguments for reconsideration the court ha[s] . . . already rejected on the merits[,]'" McLaughlin v. Holder, 864 F. Supp. 2d 134, 141 (D.D.C. 2012) (quoting Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C. Cir. 2011)). Nevertheless, the government's motion will be entertained, and the "as justice requires" standard will be applied.

Justice may require reconsideration where a court "'patently misunderstood the parties, made a decision beyond the adversarial issues presented, [or] made an error in failing to consider controlling decisions or data, or [where] a controlling or significant change in the law has occurred.'" Arias, 856 F. Supp. 2d at 52 (quoting Negley v. FBI, 825 F. Supp. 2d 58, 60 (D.D.C. 2011)). The burden is on the moving party to show that reconsideration is appropriate and that harm or injustice would result if reconsideration were denied. Husayn v. Gates, 588 F. Supp. 2d 7, 10 (D.D.C. 2008). Here, the government does not allege that the court misunderstood the parties' arguments or

-3-

considered an issue not presented by the parties, or that there was an intervening change in controlling law.  At best, the government appears to be making a second attempt to cite relevant law and facts in support of an argument that has already been rejected on the merits.

The government relies principally upon three POCA cases. One is <u>Perkins v. United States</u>, 936 A.2d 303 (D.C. 2007), although <u>Perkins</u> does not compel a different result.  The issue in <u>Perkins</u> was to whom the police could attribute possession of contraband.  The issue in this case is whether the police had probable cause to believe at all that the can seen was contraband.  The <u>Perkins</u> opinion reflected no challenge to whether the police knew or reasonably believed that there was alcohol in the open container, or otherwise had probable cause to believe that an open container violation had been committed.  The only question in <u>Perkins</u> was whether the police could arrest the driver or the passenger or both for the known violation.

<u>Perkins</u> discussed as a given that the police knew there was alcohol in the open container.  There was no discussion of the factual basis for the police knowing it, or the Fourth Amendment basis for police retrieving the container or making an arrest. <u>Perkins</u> could provide support here if what was in open view was a gun, or marijuana, or other contraband easily identifiable on sight.  An open container in a car is not contraband unless it

-4-

contains alcohol.  Here, the officer could not see in the container, he did not testify that the driver or passenger said that it contained alcohol, and his testimony about smelling alcohol before the arrest was discredited.  Suspicion, even as Perkins acknowledges, id. at 306, is not enough to establish probable cause.

Moreover, nothing about the totality of the circumstances in this case elevates the mere suspicion present here to something more.  The government urges that the facts here are more compelling than those in United States v. Washington, 670 F.3d 1321 (D.C. Cir. 2012), which found probable cause for a motorist's POCA arrest where police found a puddle of liquid near his floorboard and the container nearby was a clear plastic cup, not even a beer can as was present here.  The fact that the can was a beer can has significance only if it has beer in it -- an empty can presents no violation whatsoever -- or there is ample reason to believe there is beer in it.  Its placement in the console's cup holder may show something about who is in possession but shows nothing about whether it likely has contents, much less alcoholic contents.  The defendant appeared nervous, although lights and sirens at three o'clock in the morning could make a saint nervous without shedding any light at all on whether there was alcohol in the can.  The length of the police interaction with the defendant and the condition of the

-5-

can did nothing to overcome the fact that the officer could not see if any alcohol was in the can.  Nor did any mere suspicion by the officer that the defendant or his passenger had been drinking from the can in the car earlier give the officer authority to make a warrantless arrest for a misdemeanor that was not committed in his presence.  See D.C. Code § 25-1001(a), (d) (stating POCA is a misdemeanor); D.C. Code § 23-581(a)(1)(A), (B) (permitting warrantless arrest for misdemeanor only if committed in the officer's presence).

The government also cites United States v. Bean, 17 A.3d 635 (D.C. 2011), although Bean gets us no farther.  There, the officers saw in the vehicle not only a broken seal on a cognac bottle, but saw that the cognac bottle was one-fourth full.  They knew -- they did not just suspect -- that the cognac bottle was not an empty container, and probable cause existed that an open container violation was being committed.  Bean likewise had no discussion of the Fourth Amendment basis for the police retrieving the bottle.

The government has not carried its burden of demonstrating that reconsideration is necessary to avoid harm or injustice, or is otherwise warranted.  Its motion, then, will be denied.  Accordingly, it is hereby

-6-

ORDERED that the government's motion [32] to reconsider be, and hereby is, DENIED.[1]  It is further

ORDERED that the government file by April 3, 2013 a status report reflecting whether it will pursue an interlocutory appeal or whether it requests a further scheduling conference.  Any request for a further scheduling conference must identify three dates agreeable to both the government and the defense.  It is further

ORDERED that the time under the Speedy Trial Act be, and hereby is, EXCLUDED from the entry of this Order through April 10, 2013 under 18 U.S.C. § 3161(h)(7)(A).  The court finds it in the interests of justice to continue this matter and to exclude the time, and that those interests outweigh the interests of the parties and the public in a speedier trial.  The purpose of the continuance and time exclusion is to permit the government, in the exercise of due diligence, to have any decision about pursuing an interlocutory appeal duly considered and reviewed by the appropriate officials in the chain of authority and reported to this court for further scheduling purposes.

---

[1] Regarding the government's request for clarification, the government correctly notes that the court discredited Officer Gawrilow's testimony that he detected the smell of alcohol as he stood outside the car speaking with the defendant through the driver's window, but the court did not discredit the entirety of the officer's testimony.

SIGNED this 13th day of March, 2013.

                                          /s/  
                                  RICHARD W. ROBERTS  
                                  United States District Judge